*106*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 5 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARIA F. GUAJARDO, INDIVIDUALLY, ON BEHALF OF THE ESTATE OF JUAN JOSE GUAJARDO AND AS NEXT FRIEND OF THOMAS GUAJARDO, III, CYNTHIA GUAJARDO, AND CAROLINE GUAJARDO, MINOR CHILDREN, | § § § § § § § § | |
| VS. | § § | CIVIL ACTION NO. B-97-215 (JURY REQUESTED) |
| THE CITY OF BROWNSVILLE, CITY OF BROWNSVILLE POLICE DEPARTMENT, BEN REYNA, CHIEF OF POLICE FOR CITY OF BROWNSVILLE POLICE DEPARTMENT, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, EDUARDO TREVIÑO, INDIVIDUALLY IN HIS OFFICIAL CAPACITY; AND ANA HERNANDEZ, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY | § § § § § § § § § § | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO AND REQUEST FOR AUTHENTICATION OF DEFENDANT'S EXHIBITS**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Eduardo Treviño, Defendant in the above styled and numbered matter, and by and through his attorneys, files this his Response to Plaintiffs' Objections to and Request for Authentication of Defendant's Exhibits and shows in support thereof the following:

**I.**

1.01 Plaintiffs object to Defendant's Exhibit C pursuant to Federal Rule of Evidence 403 on grounds that its probative value, if any, is substantially outweighed by the danger of unfair

- 1 -

prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Exhibit C is the uniform Defendant was wearing at the time of the incident. The uniform is probative because it shows how Decedent, Juan Jose Guajardo, slapped Defendant up against the wall with such force that paint rubbed off on Defendant's uniform. The evidence may also be used to show that Defendant made available to the Brownsville Police Department all evidence relevant to the incident. Such evidence is clearly relevant, probative of material issues, and does not unfairly prejudice Plaintiffs. Photographs of the uniform are offered as Exhibit D for purposes of convenience only.

　　1.02　Plaintiffs object to Defendant's Exhibit E pursuant to Federal Rule of Evidence 403 on grounds that its probative value, if any, is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Exhibit E is an audiotape recording of the telephone conversation Decedent, Juan Jose Guajardo, had immediately preceding the incident made the basis of this lawsuit. This recording is probative because it shows Decedent's demeanor and state of mind just seconds before the incident and shows why he may have been in a mood to assault someone. The evidence may also be used to show that Defendant made available to the Brownsville Police Department all evidence relevant to the incident. The evidence may also be used for purposes of impeachment. Such evidence is clearly relevant, probative of material issues, and does not unfairly prejudice Plaintiffs.

　　1.03 Plaintiffs object to Defendant's Exhibit H, H-1, H-2, H-3, H-4, H-5, H-12, H-13, H-14, H-15, H-17, H-19, H-21, H-22, H-23, H-24, H-33 and J pursuant to Federal Rule of Evidence 403 on grounds that its probative value, if any, is substantially outweighed by the danger of unfair

prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. These exhibits include either parts of or the entire custodial death report, including all attachments, the Brownsville Police Department prepared for the Texas Attorney General pursuant to Texas Criminal Procedures Code article 49.18(b). Except as indicated below, Defendant seeks to introduce the Custodial Death Report, including its attachments, only if necessary for purposes of impeachment or of refreshing the recollection of a witness.

    1.04 Defendant will ask the Court to admit into evidence the affidavits of Orlando Benavides, Hector Eguia Garcia, and Alejandro Medina, if necessary, for impeachment purposes only.

    1.05 Defendant will ask the Court to admit into evidence emergency medical service records for Juan Jose Guajardo identified as Exhibit H-34; Brownsville Medical Center treatment records for Juan Jose Guajardo identified as Exhibit H-35; and Valley Regional Medical Center treatment records for Eduardo Treviño identified as Exhibit H-36. Such evidence is clearly relevant, probative of material issues, and does not unfairly prejudice Plaintiffs. The evidence is relevant to the injuries sustained in the use of force incident made the basis of this lawsuit and to the medical treatment provided Decedent.

    1.06 Defendant will ask the Court to admit into evidence the TLETS printout obtained by the Brownsville Police Department through its computer system in connection with the booking in of Juan Jose Guajardo on April 8, 1997, and in connection with its investigation of the incident made the basis of this lawsuit, and all criminal history record information in the possession of the Brownsville Police Department, identified as Exhibit H-37. This information is relevant to rebut and

disprove Plaintiffs' contentions as set forth at paragraphs (38), (39), (41), (42), and (43) of Plaintiffs' contentions in the Joint Pretrial Order, *e.g.*, that Juan Jose Guajardo was industrious and energetic, was a good father, was a good son, and was a good provider, that Plaintiffs suffered pecuniary losses, including loss of care, maintenance, support, etc. The evidence is also relevant to show that Defendant had prior knowledge of Juan Jose Guajardo's potential for violence and/or mischief. The evidence is also relevant to show that Juan Jose Guajardo had a substance abuse problem that contributed to the heart disease that killed him. The evidence is also relevant to rebut any contention that Juan Jose Guajardo was peaceful, law-abiding, of good character, upstanding, wholesome or for any other purpose permissible under the Federal Rules of Evidence.

1.07 Defendant will ask the Court to admit into evidence the full autopsy report of Juan Jose Guajardo, including all supplements and attachments, as such evidence is relevant to Plaintiffs' claims of excessive force, the cause of Juan Jose Guajardo's injuries, and other material issues, and does not unduly prejudice Plaintiffs.

## II.

2.01 Defendant would ask the Court to admit the evidence described herein under the terms and conditions set forth herein.

## III.

3.01 All the records which Defendant seeks to introduce into evidence have previously been authenticated in connection with this matter. Nonetheless, Defendant will provide business records affidavits to Plaintiffs for purposes of authentication.

WHEREFORE, PREMISES CONSIDERED, Defendant, Eduardo Treviño, prays that this Court enter an Order overruling Plaintiffs' Objections to and Request for Authentication of

Defendant's Exhibits on the grounds set forth herein and for such other relief to which Defendant may show himself justly entitled.

Signed on April 5, 2001.

                Respectfully submitted,

                WILLETTE & GUERRA, L.L.P.
                International Plaza, Suite 460
                3505 Boca Chica Boulevard
                Brownsville, Texas   78521
                Telephone:  (956) 541-1846
                Facsimile:  (956) 541-1893

By: _____
                George C. Kraehe
                State Bar No. 00792631
                USDC Adm. No. 19355

ClibPDF - www.fastio.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has on this the 5 day of April, 2001, been forwarded hand delivery to:

Mr. Victor Quintanilla
LAW OFFICES OF ERNESTO GAMEZ, JR.
777 E. Harrison
Brownsville, Texas 78520

George C. Kraehe

## CERTIFICATE OF CONFERENCE

No certificate of conference is necessary for a response.

George C. Kraehe