110

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 9 2001

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| MARIA F. GUAJARDO, INDIVIDUALLY, | § | |
| ON BEHALF OF THE ESTATE OF JUAN | § | |
| JOSE GUAJARDO AND AS NEXT FRIEND | § | |
| OF THOMAS GUAJARDO, III, CYNTHIA | § | CIVIL ACTION NO. B-97-215 |
| GUAJARDO, AND CAROLINE GUAJARDO, | § | (JURY REQUESTED) |
| MINOR CHILDREN, | § | |
| | § | |
| VS. | § | |
| | § | |
| EDDIE TREVIÑO | § | |

### DEFENDANT'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Defendant, Eduardo Treviño, in his individual capacity only, and files this his Answer to Plaintiffs' Third Amended Complaint and for cause would respectfully show unto the Court the following:

I.

### ANSWER

1. Defendant denies all of Plaintiff's allegations except to the extent expressly admitted herein.

2. Defendant agrees that Plaintiff has alleged the causes of action alleged at Paragraph 1.01 of Plaintiffs' Third Amended Complaint, but denies Plaintiffs have stated a claim for which relief can be granted or that Plaintiffs' allegations have any merit whatsoever.

3. Defendant, after reasonable inquiry into the facts, has insufficient knowledge at this

1

consciousness, and was provided with emergency medical treatment alleged at the Brownsville City Jail but nonetheless died of a cocaine-and-alcohol induced heart attack approximately twenty-four (24) hours later. Except as expressly admitted herein, Defendant denies the allegations set forth at paragraphs 5.03 and 5.04 of Plaintiffs' Third Amended Complaint.

10. Defendant agrees that Plaintiffs have alleged certain causes of action and seek recovery of certain damages or other relief at paragraphs 6.01 through 8.02 of their Third Amended Complaint but deny that Plaintiffs have alleged claims for which relief can be granted, that Plaintiffs' claims have any merit whatsoever, and that Plaintiffs are entitled to any damages or any relief of any kind whatsoever. Defendant would further show that most of the claims Plaintiffs' allege in these paragraphs have already been dismissed.

## II.

## AFFIRMATIVE DEFENSES

11. Defendant, Eduardo Treviño, to the extent he is sued in his individual capacity, is entitled to a good-faith, qualified immunity for all claims alleged against him as set out in Plaintiffs' Third Amended Complaint under the federal doctrine of qualified immunity. Specifically, Plaintiffs have failed to allege that Defendant violated Plaintiffs' clearly established constitutional rights of which a reasonable person should have known.

12. Defendant, Eduardo Treviño, to the extent he is sued in his individual capacity, is further entitled to immunity from any and all liability in connection with Plaintiffs' claims under the state doctrine of qualified immunity, or official immunity. Specifically, Plaintiffs have failed to specify how Defendant would not be entitled to official immunity either because they were not performing discretionary duties, were not acting in good faith, or were not acting within the scope

3

of their authority, as is required by Texas law.

13. Plaintiffs are not entitled to attorney's fees because Plaintiffs are not a prevailing party; to the contrary, Defendant herein is entitled to his attorney's fees.

14. Any loss or damages allegedly sustained by Plaintiffs at the time, place, and occasion mentioned in Plaintiffs' Third Amended Complaint were caused, in whole or in part, or were contributed to, by the negligence of Juan Jose Guajardo, and not by any negligence or fault or want of care on the part of this Defendant, and Defendant would therefore invoke the doctrine of comparative responsibility.

15. In the alternative, Defendant would show that Plaintiffs' injuries and damages alleged were caused in whole or in part, or contributed to, by the negligence, fault, or want of care of parties, persons or instrumentalities over whom Defendant exercised no control and for whose acts Defendant is not under the law responsible.

16. Defendant would further show that the use of force alleged in Plaintiffs' Third Amended Complaint was necessary under the circumstances, was privileged under the law as an act of self-defense or for other reasons, and was in every way constitutional under constitutional standards applicable at the time of the incident made the basis of this lawsuit.

17. Defendant would further assert the defense of compromise and settlement and would show that this matter has been compromised and settled and is therefore barred.

## III.

## RESERVATIONS

18. Without waiving the foregoing denials and affirmative defenses, but still insisting

4

upon the same for further answer if any need be necessary, and as separate defenses, Defendant reserve the right to file any and all cross-actions, third-party actions, counter-claims, motions, and discovery as he may deem proper.

WHEREFORE, PREMISES CONSIDERED, Defendant, Eduardo Treviño, in his individual capacity only, prays that upon final trial and hearing hereof, Plaintiffs take nothing by their suit, that Defendant recover all costs and attorney's fees incurred herein, and that Defendant have such other and further relief, at law or in equity, to which he may show himself to be justly entitled.

Signed on April 8, 2001.

        Respectfully submitted,

        WILLETTE & GUERRA, L.L.P.
        International Plaza, Ste. 460
        3505 Boca Chica Blvd.
        Brownsville, Texas 78521
        Telephone: (956) 541-1846
        Facsimile: (956) 541-1893

By: _____
        George C. Kraehe
        State Bar No. 00792631
        USDC Adm. No. 19355

        Attorneys for Defendant

5

## CERTIFICATE OF SERVICE

I, hereby certify that on April 8, 2001, a true and correct copy of the above and foregoing has been served on all counsel of record via Certified Mail, Return Receipt Requested as hereinbelow noted:

Mr. Victor Quintanilla
LAW OFFICES OF ERNESTO GAMEZ, JR.
777 E. Harrison
Brownsville, Texas 78520

_____
George C. Kraehe