## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 2 2001

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| Maria F. Guajardo, et al, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-97-215 |
| | § | |
| Eduardo Treviño, Individually, | § | |
| | § | |
| Defendant. | § | |

## FINAL JURY INSTRUCTIONS

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the Parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called

1

ClibPDF - www.fastio.com

them, and all exhibits received in evidence, regardless of who may have produced them.

Furthermore, during the trial I sustained objections to certain questions and exhibits.  You must disregard those questions and exhibits entirely.  Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit.  Also, certain testimony has been ordered stricken from the record and you have been instructed to disregard it.  Do not consider any testimony which has been stricken in reaching your decision.  Your verdict must be based solely on the legally admissible testimony.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the

2

truth as to the facts in the case.  One is direct evidence -- such as testimony of an eyewitness.  The other is indirect or circumstantial evidence -- the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field-- he is called an expert witness-- is permitted to state his opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you have taken during this trial are only aids to memory.  If your memory should differ from your notes, then you should rely on your memory and not on the notes.  The notes are not evidence.  A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you will be provided with a copy of these jury instructions as well as exhibits which the Court has admitted into evidence.  Select your presiding juror and conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that the Court has given you concerning your conduct during the trial.  After you have reached your unanimous verdict, your presiding juror is to fill in on the form your answers to the questions.  Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.  You must never disclose to anyone, not even to me, your

3

numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the marshal, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question. After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

In this case, the Plaintiffs claim that Defendant Eduardo Treviño, while acting under color of authority of the State of Texas, intentionally violated Mr. Guajardo's constitutional right as a pretrial detainee to be free from excessive force, and is liable to them under Title 42, United States Code, Section 1983 for violating his civil rights.

Now I will read you the instructions and questions that you are to answer.

DONE, at Brownsville, Texas, on this ____ day of April 2001.


_____
Hilda G. Tagle
United States District Judge

4

For the Plaintiffs to prove their claim under Title 42, United States Code, Section 1983 against Eduardo Treviño, they must prove by a preponderance of the evidence that he violated Mr. Guajardo's constitutional right as a pretrial detainee to be free from excessive force.  The Fourteenth Amendment to the United States Constitution protects pretrial detainees from a detention official's use of excessive force.

A person may sue for an award of money damages against anyone who, "under color" of any State law or custom, intentionally violates his right under the Constitution of the United States.

For the Plaintiffs to prove their claim under 42 U.S.C. § 1983 against Mr. Treviño, they must demonstrate by a preponderance of the evidence:

1.      That the Defendant intentionally committed acts that violated Mr. Guajardo's constitutional right to be free from excessive force;

2.      That in so doing the Defendant acted "under color" of the authority of the State of Texas; and

3.      That the Defendant's acts were the legal cause of Mr. Guajardo's and the Plaintiffs' damages.

In deciding whether the Defendant violated Mr. Guajardo's constitutional right to be free from excessive force under the Fourteenth Amendment, you must determine whether the force utilized by the Defendant was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm.

In making this determination, you may consider evidence of the Defendant's subjective intent, if any, as well as objective factors suggestive of intent, such as:

1)      the extent of injuries suffered,

2)      the apparent need for the application of force,

3)      the degree of force exerted,

4)      the threat reasonably perceived by the Defendant,

5

5)      the need to act quickly and decisively, and

6)      any efforts to temper the severity of a forceful response.

In deciding whether the Defendant violated Mr. Guajardo's constitutional right to be free from excessive force under the Fourteenth Amendment, you must also determine whether Mr. Guajardo suffered some non-de minimus harm as a result of the force used by the Defendant.  In other words, if you determine that Mr. Guajardo suffered some harm, it must be harm that can be characterized as more than de minimus, but need not be significant.

"Under color of state law" means that a defendant exercised power possessed by virtue of state law and made possible only because the Defendant is clothed with the authority of state law.  In this case the parties have stipulated that the Defendant acted "under color" of state law and you must accept that fact as proven.

The Plaintiffs must also prove by a preponderance of the evidence that the act or failure to act by the Defendant was a cause-in-fact of the damage Mr. Guajardo and Plaintiffs suffered.  An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages.

The Plaintiffs must also prove by a preponderance of the evidence that the act or failure to act by the Defendant was a proximate cause of the damage Mr. Guajardo and Plaintiffs suffered.  "Proximate cause" means that cause which, in a natural and continuous sequence, produces an injury, and without which cause such injury would not have occurred.  In order to be a proximate cause, the injury complained of must be such that a defendant using ordinary care would have foreseen that the injury, or a similar injury, might reasonably result from its wrongful conduct. There may be more than one proximate cause of an injury.  An act or omission is a proximate cause of Mr.

6

Guajardo's and Plaintiffs' injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

## Question No. 1

**Do you find from a preponderance of the evidence that the Defendant Eduardo Treviño violated Juan Jose Guajardo's constitutional right to be free from excessive force in violation of Title 42, United States Code, Section 1983?**

Answer "Yes" or "No"   _____*No*_____

**If you answered "No" to Question No. 1, do <u>NOT</u> answer Question Nos. 2, 3 and 4.**

## Question No. 2

**Do you find from a preponderance of the evidence that Juan Jose Guajardo suffered some non-de minimus harm as a result of Defendant Eduardo Treviño's use of excessive force in violation of  Title 42, United States Code, Section 1983?**

Answer "Yes" or "No"   _____

**If you answered "No" to Question No. 2, do <u>NOT</u> answer Question Nos. 3 and 4.**

## Question No. 3

If you find that the Plaintiffs have proven their claim, you must then consider the Defendant's defense that his conduct was objectively reasonable in light of the legal rules clearly established at the time of the incident in issue and that the Defendant is therefore not liable.

Detention officers are presumed to know about the clearly established constitutional rights of citizens.  The constitutional right of a pretrial detainee to be free from the use of excessive force was clearly established at the time of the altercation between Mr. Guajardo and Defendant Eduardo Treviño on April 8, 1997.

If, after considering the scope of discretion and responsibility generally given to detention officers in the performance of their duties, and after considering all of the surrounding circumstances of the case as they would have reasonably appeared at the time of the arrest, you find from a preponderance of the evidence that the Plaintiffs have proved either (1) that the Defendant was plainly incompetent or (2) that he knowingly violated the law regarding Mr. Guajardo's constitutional right, you must find for the Plaintiffs.  If, however, you find that the Defendant had a reasonable belief that his actions did not violate the constitutional right of Mr. Guajardo, then you cannot find him liable even if Mr. Guajardo's right was in fact violated as a result of the Defendant's objectively reasonable action.

**Do you find from a preponderance of the evidence that the Defendant Eduardo Treviño had a reasonable belief that his actions did not violate the constitutional right of Juan Jose Guajardo to be free from excessive force?**

Answer "Yes" or "No"   _____

8

**If you answered "Yes" to Question No. 3, do <u>NOT</u> answer Question No. 4.**

**Question No. 4**

If the Plaintiffs have proven their claim against the Defendant by a preponderance of the evidence, you must determine the damages to which the Plaintiffs are entitled. You should not interpret the fact that I have given instructions about the Plaintiffs' damages as an indication in any way that the Plaintiffs should, or should not, win this case. It is your task first decide whether the Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide the Defendant is liable, and that the Plaintiffs are entitled to recover money from the defendant.

If you find that the Defendant is liable to the Plaintiffs, then you must determine an amount that is fair compensation for all of the damages of one or more of the Plaintiffs. These damages are called "compensatory damages." The purpose of compensatory damages is to make the Plaintiffs whole--that is, to compensate the Plaintiffs for the damage that they have suffered. Compensatory damages are not limited to expenses that the Plaintiffs may have incurred because of their injuries. If the Plaintiffs win, they are entitled to compensatory damages for the mental anguish, shock and discomfort that they have suffered because of the Defendant's conduct.

You may award compensatory damages only for injuries that the Plaintiffs prove were proximately caused by the defendant's wrongful conduct. "Proximate cause" means that cause which, in a natural and continuous sequence, produces an injury, and without which cause such injury would not have occurred. In order to be a proximate cause, the injury complained of must be such that a defendant using ordinary care would have foreseen that the injury, or a similar injury, might reasonably result from its wrongful conduct. There may be more than one proximate cause of an injury.

9

The damages that you award must be fair compensation for all of the damages of one or more of the Plaintiffs, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiffs have actually suffered or that the Plaintiffs are reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Plaintiffs prove the amount of his losses with mathematical precision, but  only with as much definiteness and accuracy as the circumstances permit. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

If you find for the Plaintiffs, they are entitled to recover an amount that will fairly compensate them for any damages they have suffered to date. If you find that the Plaintiffs are reasonably certain to suffer damages in the future from their injuries, then you should award them the amount you believe would fairly compensate them for such future damages.

Consider the elements of damages below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find. If you find that the Plaintiffs suffered damages, provide an answer or answers in dollars and cents.

Medical or funeral expenses resulting from the decedent's death that have become a charge against the decedent's estate.

10

ClibPDF - www.fastio.com

The loss of Mr. Guajardo's support and services that each of the Plaintiffs have sustained and will sustain in the future because of Mr. Guajardo's death.  You must determine the duration of any future loss by considering the joint life expectancy of Mr. Guajardo and each of the Plaintiffs. Joint life expectancy means the number of years that both Mr. Guajardo and each of the Plaintiffs could have been expected to be alive together, considering the ages and life expectancy of each at the time of Mr. Guajardo's death.  In the case of Mr. Guajardo's minor children, joint life expectancy means the number of years that the decedent could have expected to be alive during which Cynthia Guajardo and Caroline Guajardo each would have been minor children.

In evaluating past and future loss of support and services, you must consider each of the Plaintiffs' relationship to Mr. Guajardo, the amount of Mr. Guajardo's probable net income available for distribution to each of the Plaintiffs, and the replacement value of Mr. Guajardo's services to each of the Plaintiffs. "Support" includes contributions in kind as well as sums of money.  "Services" means tasks that Mr. Guajardo regularly performed that now will be a necessary expense to the Plaintiffs because of Mr. Guajardo's death.

The loss of parental companionship, instruction, and guidance, and the mental pain and suffering Thomas Guajardo III, Cynthia Guajardo, Caroline Guajardo and Alejandro Garcia sustained because of Mr. Guajardo's death.  In determining the duration of these losses, you must consider the joint life expectancy of the decedent and each of the surviving children.

The Plaintiff Maria Guajardo's mental pain and suffering resulting from the death of her son, Mr. Guajardo.

11

## A.     Estate of Juan Jose Guajardo

**What sum of money, if any, if paid now in cash, would fairly and reasonably compensate the Estate of Juan Jose Guajardo, through the Plaintiff Maria Guajardo, for Mr. Guajardo's injuries, if any, that were proximately caused by Eduardo Treviño's violation of Title 42, United States Code, Section 1983?**

1)     mental anguish                    _____

2)     medical expenses             _____

3)     funeral expenses             _____

## B.     Maria Guajardo

**What sum of money, if any, if paid now in cash, would fairly and reasonably compensate the Plaintiff Maria Guajardo, for her injuries, if any, that were proximately caused by Eduardo Treviño's violation of Title 42, United States Code, Section 1983?**

1)     mental anguish in the past                    _____

2)     mental anguish which in reasonable
       probability will be suffered in the future    _____

3)     loss of support and services in the past      _____

4)     loss of support and services which in
       reasonable probability will be suffered
        in the future                                _____

5)     loss of companionship in the past            _____

6)     loss of companionship which in
       reasonable probability will be suffered
       in the future                                 _____

12

## C.   Cynthia Guajardo

**What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Cynthia Guajardo, through her grandmother Maria Guajardo, for her injuries, if any, that were proximately caused by Eduardo Treviño's violation of Title 42, United States Code, Section 1983?**

1)   mental anguish in the past                                    _____

2)   mental anguish which in reasonable
     probability will be suffered in the future      _____

3)   loss of support and services in the past     _____

4)   loss of support and services which in
     reasonable probability will be suffered
     in the future                                              _____

5)   loss of companionship in the past             _____

6)   loss of companionship which in
     reasonable probability will be suffered
     in the future                                              _____

13

**D.    <u>Caroline Guajardo</u>**

**What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Caroline Guajardo, through her grandmother Maria Guajardo, for her injuries, if any, that were proximately caused by Eduardo Treviño's violation of Title 42, United States Code, Section 1983?**

1)    mental anguish in the past                        _____

2)    mental anguish which in reasonable
       probability will be suffered in the future    _____

3)    loss of support and services in the past    _____

4)    loss of support and services which in
       reasonable probability will be suffered
       in the future                                            _____

5)    loss of companionship in the past            _____

6)    loss of companionship which in
       reasonable probability will be suffered
       in the future                                            _____

14

ClibPDF - www.fastio.com

**E.      Thomas Guajardo III**

**What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Thomas Guajardo III for his injuries, if any, that were proximately caused by Eduardo Treviño's violation of Title 42, United States Code, Section 1983?**

1)   mental anguish in the past                    _____

2)   mental anguish which in reasonable
     probability will be suffered in the future    _____

3)   loss of support and services in the past      _____

4)   loss of support and services which in
     reasonable probability will be suffered
      in the future                                _____

5)   loss of companionship in the past            _____

6)   loss of companionship which in
     reasonable probability will be suffered
     in the future                                 _____

15

## F.   Alejandro Garcia

**What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Alejandro Garcia for his injuries, if any, that were proximately caused by Eduardo Treviño's violation of Title 42, United States Code, Section 1983?**

1) mental anguish in the past                                   _____

2) mental anguish which in reasonable probability will be suffered in the future                         _____

3) loss of support and services in the past            _____

4) loss of support and services which in reasonable probability will be suffered in the future                                              _____

5) loss of companionship in the past                    _____

6) loss of companionship which in reasonable probability will be suffered in the future

United States District Court
Southern District of Texas
FILED

APR 1 2 2001

Michael N. Milby
Clerk of Court

_____

*C A B - 97 - 215*          *123*

## VERDICT OF THE JURY

   We the jury, have answered the foregoing special issues in the manner indicated in this verdict form, and return these answers into Court as our verdict.

United States District Court
Southern District of Texas
FILED

APR 1 2 2001
@11:40Am
Michael N. Milby, Clerk of Court

_____
PRESIDING JUROR

John Butler

April 12, 2001

16